IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TINA LOUISE SHAFFER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-138 |
| | ) |
| **SUPERINTENDENT** | ) |
| **SCI CAMBRIDGE SPRINGS,** *et al.*, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM ORDER**

On April 29, 2022, Petitioner Tina Louise Shaffer ("Shaffer") commenced this action with the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF No. 1.[1] The petition appears to state two grounds for relief. First, it appears that Shaffer is challenging the sufficiency of the evidence relative to her conviction for third-degree murder. Second, Shaffer asserts the following "due process errors":

(1) Defense did not raise "self defense"

(2) Interrogation was illegal

(3) Jury charge [was] illegal

(4) No battered woman defense raised

(5) incompetent medical evidence[.]

ECF No. 1 at 7, ECF No. 15 at 7.

Respondents filed their answer to the petition on September 7, 2022. ECF No. 13. The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for a report

---

[1] Because Shaffer's initial petition was unsigned, the Chief Magistrate Judge instructed Shaffer to file a corrected petition with her signature, which she did on October 22, 2024. *See* ECF Nos. 14, 15.

1

and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

On March 20, 2025, Judge Lanzillo issued an R&R in which he recommended that Shaffer's petition be denied and that a certificate of appealability likewise be denied. As to Shaffer's first Section 2254 claim, Judge Lanzillo determined that Shaffer had failed to show either that the state appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court trial. *See* 28 U.S.C. §2254(d). As to Shaffer's second claim, comprised of various alleged "due process errors," Judge Lanzillo determined that only the first one -- failure to raise a claim of self-defense -- was properly exhausted in the state courts. Judge Lanzillo found this challenge to be meritless, noting that the Pennsylvania Superior Court's analysis belied Shaffer's "bald assertion" that the issue of self-defense had not been raised at her trial. ECF No. 16 at 15. With respect to the other four putative "due process errors," Judge Lanzillo noted that these challenges had not been exhausted in state court and are now procedurally defaulted. Because Shaffer had made no attempt to overcome her procedural default, Judge Lanzillo concluded that these challenges could not serve as a basis for relief under Section 2254.

Objections to the R&R were originally due on or before April 7, 2025, *see* ECF No. 16; however, the Court granted Shaffer's motion for additional time and extended the deadline for objections to June 4, 2025. *See* ECF Nos. 17, 18. To date, no objections have been received.

After *de novo* review of the petition and documents in the case, including the Chief Magistrate Judge's Report and Recommendation, the following order is entered:

NOW, this 3rd day of July, 2025, IT IS ORDERED that the within petition for a writ of habeas corpus shall be, and hereby is, DENIED with prejudice.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lanzillo, issued on March 20, 2025, ECF No. [16], is adopted as the opinion of this Court.

Because jurists of reason would not find it debatable that: (i) the Petitioner failed to make a substantial showing of the denial of a constitutional right, (ii) and numerous claims as stated herein are procedurally defaulted, IT IS FURTHER ORDERED that no certificate of appealability shall issue.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge